Anne Andrews, Esq. (SBN 103280)
Sean Higgins, Esq. (SBN 266888)
Kimberly Degonia, Esq. (SBN 256989)
ANDREWS & HIGGINS
4701 Von Karman Ave., Ste 300
Newport Beach, CA, 92660
Tel: (949) 748-1000
Fax: (949) 315-3540
survivor@andrewshiggins.com
*Attorneys for Petitioner*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE <br><br> Plaintiff, <br><br> v. <br><br> DOE 1 (a corporation), and DOES 2 to 500, Inclusive, <br><br> Defendants. | CASE NO.: 2:25-cv-00711-MRA-BFM <br> Judge: Hon. Monica Ramirez Almandani <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** <br><br> **Hearing Date:   June 4, 2026** <br> **Time: 10:00 a.m.** <br> **Courtroom: 9B** |

- 1 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

**PLEASE TAKE NOTICE** that on June 4, 2026 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 9B, 9th Floor, at the Ronald Reagan Federal Courthouse located at 411 West 4th Street, Santa Ana, CA 92701-4516, Plaintiff, by and through her counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, will move for voluntary dismissal of this action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support of Plaintiff's Motion for Voluntary Dismissal and all pleadings and papers on file in this action, and other matters as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7- 3 which took place on March 26, 2026.

Dated: April 2, 2026

**ANDREWS & HIGGINS**

By: _____

Kimberly Degonia, Esq.
Andrews & Higgins APLC
4701 Von Karman Ave., Ste 300
Newport Beach, CA, 92660
survivor@andrewshiggins.com

***Attorneys for Plaintiff***

- 2 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

## I.   INTRODUCTION

Plaintiff filed this action in this Court on January 27, 2025, alleging claims against Defendant Doe 1 ("Defendant") and Does 2 to 500 for sexual abuse she suffered as a child. Plaintiff brought four causes of action: (1) Sexual Abuse of a Minor; (2) Negligence; (3) Negligent Infliction of Emotional Distress; (4) Negligent Hiring, Supervision and Retention of an Unfit Employee.

Plaintiff moves this Court to enter an order dismissing her claims without prejudice without being conditioned upon payment of costs and attorney fees. Alternatively, Plaintiff asks the Court to dismiss her claim with prejudice, in which case the opportunity for costs and fees under Rule 41(d) will not apply.

## II.   ARGUMENT

### A.   Legal Standard

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper." Dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Intern. B.V., 889 F.2d 919, 921*. "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs.*, 889 F.2d at 921 (internal cites omitted).

### B.   Defendant Will Not Be Prejudiced By Plaintiff's Dismissal

"Within the Ninth Circuit a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quismundo v. Trident Society, Inc.*, No. 3:17-cv-1930-CAB (WVG), 2018 WL 1963782, *2 (S.D. Ca. Apr. 25, 2018) (citing *Smith v. Lenches¸* 263 F.3d 972, 975

- 3 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

(9th Cir. 2001)). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017). The Ninth Circuit Court of Appeals "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice," which would prevent granting a voluntary dismissal. *Wetlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (reversing a district court's denial of a voluntary dismissal without prejudice that, in part, relied on the defendant incurring expenses litigating the case). "A dismissal under Rule 41(a)(2) is normally without prejudice." *Smith*, 263 F.3d at 976.

Defendant will not be prejudiced by the dismissal of Plaintiffs' claims without prejudice. "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty does not result in plain legal prejudice." *Smith*, 263 F.3d at 976 (internal quotes and ellipses omitted). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by dismissal." *Id.* (holding change from federal to state forum was not legal prejudice)[1]; *see Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (while a change from federal to state court may create a tactical disadvantage to defendants, that is not legal prejudice); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice…does not result simply when defendant faces the prospect of a second lawsuit, or when plaintiff merely gains some tactical advantage.").

Defendant will not be prejudiced by the dismissal of Plaintiffs' claims. Plaintiffs' dismissal does not prejudice any "legal interest" or "legal argument" by Defendant. Defendant cannot rely on any tactical advantage gained by the dismissal or the expenses it incurred defending this lawsuit thus far as legal prejudice that will prevent

---

[1] "[T]he need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court.").*Smith*¸ 263 F.3d at 976

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
VOLUNTARY DISMISSAL**

this Court from granting Plaintiff's motion. The dismissal of Plaintiff's claims will not result any in legal prejudice to Defendant, and therefore the Court should grant Plaintiff's motion.

## C.      Dismissal Should Not Be Conditioned on Costs Being Awarded

Although costs and attorney fees may be imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), "no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs.*, 889 F.2d at 921. "Moreover, several courts have specifically held that such payment is not required." *Id.* at 921 (holding that the district court did not abuse its discretion by refusing to require the plaintiff to pay the defendant's costs and attorney fees in case involving a contract dispute). Even where fees are awarded, "a defendant is entitled only to recover, as a condition of dismissal under Fed. R. civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (finding "[t]he district court abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use in the [other] litigation.").

"In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Memorial Hospital v. Kent*, 688 Fed. Appx. 492, 494 (9th Cir. 2017) (internal quotes, and ellipses omitted). "The merits of the plaintiff's case are also relevant." *Id.* (District court did not abuse its discretion when it declined to award costs and fees and dismissed without prejudice action by hospitals against Department of Health Care Services pertaining to Medicaid reimbursement rates. Although department incurred duplicative expenses and

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
VOLUNTARY DISMISSAL**

summary judgment motions were before the court, the district court's decision was justified by its consideration of the legitimate factor of the merit of the Plaintiffs' claims.)

Here the totality of the factors weighs against imposing costs and fees on Plaintiff. Any additional litigation against Defendant will not result in excessive or duplicative expenses, as the costs Defendant incurred in this case thus far would not be rendered useless in a hypothetical subsequent litigation. The parties have yet to move past basic discovery, and have not yet filed any *Daubert* motions, motions for summary judgment, or pretrial motions. Additionally, Plaintiff exercised diligence in moving to dismiss this action after deciding that she no longer wished to continue pursuing her case. Further, throughout the country institutions like Defendant have been found liable in cases alleging that they acted negligently leading to the sexual abuse of a minor, which demonstrates the merits of Plaintiff's claims.

However, in the event the Court decides to award costs and attorney's fees as a condition of dismissal without prejudice, Plaintiff asks that the Court clarify that such an award will only attach upon Plaintiff filing a new "action based on or including the same claim against the same defendant" consistent with Rule 41(d). *See* Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court…may order the plaintiff to pay all or part of the costs of that previous action.").

If the court is inclined to condition a dismissal without prejudice on an award of costs before the filing of a new action, Plaintiff alternatively asks the Court to dismiss the case with prejudice and without costs and attorney's fees. Voluntary dismissals being conditioned on an award of costs and fees is often limited to situations where a plaintiff dismisses their case *without prejudice* because "the purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will

- 6 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "In contrast, when a lawsuit is voluntarily dismissed *with prejudice* under Fed.R.Civ.P 41(a)(2), attorney's fees have almost never been awarded." *Id* at 133-34.

District Courts in the Ninth Circuit have regularly found that fees and costs should not be awarded as a condition for voluntary dismissal *with prejudice. See Chavez v. Northland Group*, No. CV–09–2521–PHX–LOA, 2011 WL 317482, at *4 (D.Ariz. Feb.1, 2011) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs); *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal.1993) (declining to award costs and attorney fees where dismissal was with prejudice); *Chang v. Pomeroy*, No. CIV S-08-0657, 2011 WL 618192 (E.D. Cal. Feb. 10, 2011)(declining to award costs and fees where dismissal was with prejudice).

**III.   CONCLUSION**

For the forgoing reasons, Plaintiff requests that this Court grant her Motion for Voluntary Dismissal pursuant to Rule 41(a)(2).

Dated: April 2, 2026

**ANDREWS & HIGGINS**

By: _____
Kimberly Degonia, Esq.
Andrews & Higgins APLC
4701 Von Karman Ave., Ste 300
Newport Beach, CA, 92660
survivor@andrewshiggins.com

***Attorneys for Plaintiff***

- 7 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

**Certificate of Compliance with Local Rule 11-6.2**

The undersigned, counsel of record for Plaintiff Jane Doe, certifies that this brief contains 1,871 words, which:

    <u>X</u> complies with the word limit of L.R. 11-6.1.

    __ complies with the word limit set by court order dated [date].

Dated: April 2, 2026                      **ANDREWS & HIGGINS**

By: _____
Kimberly Degonia, Esq.
Andrews & Higgins APLC
4701 Von Karman Ave., Ste 300
Newport Beach, CA, 92660
survivor@andrewshiggins.com

***Attorneys for Plaintiff***

- 8 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
VOLUNTARY DISMISSAL**